**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.   38749-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER GRANTING |
| DAVID RAY BROWN, | ) | MOTION TO PUBLISH |
| | ) | |
| Appellant. | ) | |

THE COURT has considered the respondent's motion to publish the court's opinion of February 23, 2023, and is of the opinion the motion to publish should be granted.  Therefore,

IT IS ORDERED, the motion to publish is granted.  The opinion filed by the court on February 23, 2023, shall be modified on page 1 to designate it is a published opinion and on page 10 by deletion of the following language:

A majority of the panel has determined that this opinion will not be printed in the Washington Appellate Reports but it will be filed for public record pursuant to RCW 2.06.040.

PANEL:  Judges Fearing, Lawrence-Berrey, Staab

FOR THE COURT:

GEORGE B. FEARING
Chief Judge

**FILED**
**FEBRUARY 23, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  38749-6-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DAVID RAY BROWN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — David Brown appeals his conviction for second degree burglary. He contends his trial counsel performed deficiently when failing to offer a lesser included offense jury instruction for second degree trespass.  We reject his contention because trespass is not a lesser included offense of burglary.

FACTS

This prosecution arises from the presence of David Brown, on March 23, 2020, on the business premises of Automotive Specialties, a north Spokane used car dealership. On that day, Automotive Specialties was in the process of moving its business location two blocks hence.

No. 38749-6-III
*State v. Brown*

Lyle Click, a tow truck operator, arrived at Automotive Specialties on the morning of March 23 to assist the dealership with moving its inventory to the new sales lot. Click noticed a person inside a truck. The truck sat on a tennis court surrounded by a twelve-foot-high gated fence. Automotive Specialties stored some of its car inventory inside the fenced area. Click blocked the outside of the gate with his truck so that the person seated in the other truck could not escape the premises. The interloper inside the other truck was David Brown. Brown owned the other truck.

A trailer owned by Gregor Klante was hitched to the truck occupied by David Brown. Klante operated a separate dealership that shared space with Automotive Specialties. Lyle Click phoned Klante, who arrived fifteen minutes later. Before Klante's arrival, Brown barked at Click to move his truck so that he could drive the truck he occupied through the gate. Brown threatened to ram Click's truck. Brown insisted that he owned the trailer, although Click knew otherwise.

Greg Klante appeared at Automotive Specialties minutes later. Automotive Specialists detailer Gary Litzenberger arrived at the location near the same time as Klante appeared. Litzenberger noticed the presence of a different lock on the fence than the lock regularly used by the dealership. The interloper, David Brown, insisted that he owned the business property. Litzenberger insisted that Brown open the gate. Brown ignored Litzenberger. Litzenberger telephoned Automotive Specialties general manager John Rostollan, who arrived five minutes later.

2

No. 38749-6-III
*State v. Brown*

John Rostollan, while employing colorful language, asked the intruder, David Brown, to explain his presence. Rostollan insisted that Brown unlock the gate. After hesitation, Brown opened the gate. Brown insisted that he owned the trailer to which he had hooked his truck. Rostollan demanded that Brown unhook the trailer. Brown eventually conceded he did not own the trailer and released the trailer from his truck.

James Stewart, a Spokane Police Department detective, responded to Automotive Specialties business property. Stewart saw red paint on Brown's hands, although the detective discovered no paint cans within the vicinity. Someone had spray-painted the trailer red within the last hour because the paint still felt new. A remote control for the trailer's winch, which had been locked in a box inside the trailer, was found in Brown's truck. Stewart found a crowbar in Brown's truck.

PROCEDURE

The State of Washington charged David Brown with second degree burglary. At the close of trial, Brown did not propose any jury instruction permitting the jury to convict him of a lesser included offense. Nevertheless, during closing arguments, counsel for Brown argued that the State failed to prove beyond a reasonable doubt that Brown committed second degree burglary. Brown's counsel asserted that Brown committed second degree trespass, not second degree burglary. The jury found David Brown guilty of second degree burglary.

3

No. 38749-6-III
*State v. Brown*

LAW AND ANALYSIS

On appeal, David Brown contends his trial counsel performed ineffectively by failing to propose a jury instruction allowing the jury to convict him of second degree trespass as a lesser included offense of the charged crime: second degree burglary. This contention assumes that second degree trespass constitutes a lesser included offense of second degree burglary. We conclude that second degree trespass does not comprise a lesser included offense. Therefore, trial counsel did not perform deficiently. We first review principles that apply to claims of ineffective assistance of counsel, before analyzing whether trespass is a lesser included offense of burglary.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018). To prevail on an ineffective assistance of counsel claim, a defendant must prove that (1) his or her counsel performed deficiently, and (2) counsel's deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Classen*, 4 Wn. App. 2d 520, 535 (2018). Performance is deficient if it falls below an objective standard of reasonableness. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To show prejudice, a defendant must demonstrate a reasonable possibility that, but for counsel's purportedly deficient conduct, the outcome of the proceeding would have differed. *State v. Classen*, 4 Wn. App. 2d 520, 535 (2018).

4

No. 38749-6-III
*State v. Brown*

David Brown's appeal illustrates the overlapping nature of the two elements comprising an ineffective assistance of counsel claim. If second degree trespass does not constitute a lesser included offense of second degree burglary, the trial court would not have given a lesser offense jury instruction such that Brown can show no prejudice. If trespass does not act as a lesser included offense of burglary, trial counsel also did not perform ineffectively by failing to propose a jury instruction particularly since the trial court would not have delivered the instruction.

Although the common law recognized the right to a lesser included offense jury instruction, a Washington statute confirms the right to the instruction. *State v. Davis*, 121 Wn.2d 1, 4, 846 P.2d 527 (1993), *abrogated on other grounds by State v. Berlin*, 133 Wn.2d 541, 947 P.2d 700 (1997). RCW 10.61.006 reads:

> In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he or she is charged in the indictment or information.

Both the prosecution and the defense may seek a lesser included offense jury instruction. *State v. Berlin*, 133 Wn.2d 541, 548 (1997). The rule of a lesser included offense benefits the defendant by providing a third alternative to either conviction of the offense charged or acquittal. *State v. Berlin*, 133 Wn.2d 541, 544-45 (1997). The rule seeks to ensure that juries considering the case of a defendant plainly guilty of some offense do not set aside reasonable doubt in order to convict her and avoid letting her go

5

No. 38749-6-III
*State v. Brown*

free. *Keeble v. United States*, 412 U.S. 205, 212-13, 93 S. Ct. 1993, 36 L. Ed. 2d 844

(1973).

Washington law applies a two-part test, known as the *Workman* test, when

ascertaining whether a party is entitled to a jury instruction on a lesser included offense.

*State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978). In part one, the court

asks whether each of the lesser included offense elements also are necessary to

conviction of the greater, charged offense. *State v. Condon*, 182 Wn.2d 307, 316, 343

P.3d 357 (2015); *State v. Workman*, 90 Wn.2d 443, 447-48 (1978). In part two, the court

asks whether the evidence presented in the case supports an inference that *only* the lesser

offense was committed, to the exclusion of the greater, charged offense. *State v. Condon*,

182 Wn.2d 307, 316 (2015). The first prong is the legal prong, and the second prong is

the factual prong. *State v. Berlin*, 133 Wn.2d 541, 546 (1997). The proponent of the jury

instruction must satisfy both prongs. *State v. Condon*, 182 Wn.2d 307, 316 (2015). We

rest our decision in David Brown's appeal solely on the legal prong.

We compare the crime of second degree burglary with second degree theft.

RCW 9A.52.030 creates the crime of second degree burglary:

> (1) A person is guilty of burglary in the second degree if, with intent
> to commit a crime against a person or property therein, he or she enters or
> remains unlawfully in a building other than a vehicle or a dwelling.

Thus, the elements of second degree burglary are: (1) entering or remaining unlawfully in

a building other than a vehicle or dwelling, (2) with the intent to commit a crime against a

6

No. 38749-6-III
*State v. Brown*

person or property therein. *State v. Brunson*, 128 Wn.2d 98, 104-05, 905 P.2d 346

(1995). "Building," in the context of the criminal code, includes any "fenced area."

RCW 9A.04.110(5). David Brown does not challenge the fenced area on Automotive

Specialties lot being a building.

RCW 9A.52.080 defines the crime of second degree trespass. The statute

declares:

> (1) A person is guilty of criminal trespass in the second degree if he or she knowingly enters or remains unlawfully in or upon premises of another under circumstances not constituting criminal trespass in the first degree.

The elements of second degree trespass are (1) entering or remaining unlawfully on

premises of another, and (2) knowingly doing so. The statute has an ambiguity in that the

reader does not know whether the accused must know that she entered premises, that she

knew the premises belonged to another, that she knew she engaged in unlawful conduct,

some combination of two of the alternatives, or all three. In *State v. Moreno*, 14 Wn.

App. 2d 143, 470 P.3d 507 (2020), *aff'd*, 198 Wn.2d 737, 499 P.3d 198 (2021), this court

analyzed the statute as if the accused must know that he entered the premises unlawfully.

This ambiguity is unimportant to this appeal regardless how one construes the statute.

The comparison of RCW 9A.52.030 and 9A.52.080 reveals that second degree

trespass does not consist solely of elements necessary for a conviction of second degree

burglary. The defendant must enter the building knowingly or with knowledge that the

7

No. 38749-6-III
*State v. Brown*

entry is unlawful to be guilty of trespass. The accused need not knowingly enter the premises or know that entry is unlawful to be guilty of second degree burglary. The defendant need only enter a building with the intent to commit a crime to be guilty of burglary. We expect that one who enters a building with the intent to commit a crime typically knows that he enters the building and that he even knows he enters unlawfully, but still the State need not prove such for second degree burglary. We can conceive of someone entering a building lawfully and only later developing an intent to commit a crime.

David Brown cites *State v. Olson*, 182 Wn. App. 362, 375, 329 P.3d 121 (2014), *State v. J.P.*, 130 Wn. App. 887, 895, 125 P.3d 215 (2005), and *State v. Soto*, 45 Wn. App. 839, 840-41, 727 P.3d 999 (1986), to support his assertion that trespass is a lesser included offense of burglary. We agree that all three decisions contain passages that declare trespass to be a lesser included offense. In *State v. Soto*, Division One of this court held that first degree criminal trespass is a lesser included offense of second degree burglary. In *State v. J.P.*, Division Three cited *Soto* when asserting that criminal trespass is a lesser included offense of burglary. In *State v. Olson*, Division One of this court cited *Soto* for the proposition that criminal trespass in the first degree serves as a lesser included offense of burglary in the second degree.

We agree with Division One's more recent decision in *State v. Moreno*, 14 Wn. App. 2d 143 (2020) that repudiates the *Soto* rule. This court wrote in *State v. Moreno*:

8

No. 38749-6-III
*State v. Brown*

> [T]he analysis in *Soto* was flawed. First degree criminal trespass requires a person to *know* that their entry or remaining in a building is unlawful. But, the first degree burglary statute requires no such knowledge. A person's entry or remaining must be factually unlawful. The required mental state for first degree burglary is the *intent to commit a crime* against a person or property therein. . . . As a result, not all of the elements of first degree criminal trespass are necessary elements of first degree burglary. A person could commit all of the elements of first degree burglary, but not be guilty of first degree criminal trespass because they did not *know* that their entry or remaining was unlawful. Thus, to the extent our previous cases support that first degree criminal trespass is a lesser included offense of first degree burglary, we disagree with them and decline to follow them.
>
> Knowledge of the unlawfulness of one's entry or remaining is not an element of first degree burglary.

*State v. Moreno*, 14 Wn. App. 2d 143, 156 (2020) (emphasis added).

The Supreme Court affirmed this court's decision in *Moreno*. *State v. Moreno*, 198 Wn.2d 737, 744, 499 P.3d 198 (2021). The high court focused, however, on the question of whether the crime of burglary possesses an implied element of knowledge rather than if trespass is a lesser included offense of burglary.

CONCLUSION

Because second degree trespass is not a lesser included offense of second degree burglary, trial counsel did not perform ineffectively for failing to ask for a lesser included offense jury instruction. We affirm David Brown's conviction for second degree burglary.

9

No. 38749-6-III
*State v. Brown*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Lawrence-Berrey, A.C.J.

Staab, J.

10