**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

STATE OF WASHINGTON,

                    Respondent,

        v.

ISAIAH ALEKSANDR LACSON,

                    Appellant.

No. 87211-7-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Isaiah Lacson was originally charged with residential burglary with sexual motivation. A jury convicted Lacson of the lesser crime of criminal trespass in the first degree with sexual motivation. Lacson appeals and argues that the trial court erred by excluding his statements as hearsay, and that his counsel was ineffective for offering a jury instruction on the lesser crime of criminal trespass.

We affirm.

I

A

In the late hours of October 10, 2022, teenagers S.C. and Z.C. were at home alone in Cashmere, Washington. S.C. saw a man she did not know standing in the front doorway holding her dog. The man was later identified as Lacson. S.C. managed to take the dog and shut the door, leaving Lacson outside. Lacson lingered outside the

residence, hit the door, and looked in windows while repeatedly stating, "Let me in. I know you want me to come in. I am a powerful being and you will listen to me." S.C. called the police who told S.C. to go into a room and lock the door.

S.C. and Z.C. locked themselves in the bathroom. While in the bathroom, S.C. and Z.C. heard footsteps inside the residence and then Lacson spoke asking them to open the door and come out. Lacson also said that he would put a movie on and they could have fun. Lacson jiggled the door handle and knocked on the door while also stating that he was a "superior being" and "I'm going to fuck your faces." Eventually, S.C. and Z.C. escaped and ran outside. Police arrived and arrested Lacson. Lacson was charged with residential burglary with sexual motivation.

B

Before trial, Lacson sought a mental health evaluation. The trial court found Lacson competent based on the report of Nathan Henry at Eastern State Hospital. The trial court appointed Dr. Cedar O'Donnell as an expert for Lacson.

The State unsuccessfully moved pretrial to prohibit testimony of Lacson's out of court statements to Dr. O'Donnell. The State renewed its motion before Dr. O'Donnell testified. The State argued that Lacson's statements to Dr. O'Donnell were inadmissible hearsay and fell outside the exception for statements made for medical treatment or diagnosis under ER 803(4). Lacson argued that his statements to Dr. O'Donnell were admissible under ER 803(3) as existing state of mind, emotion, sensation, or physical condition. The trial court ruled that Dr. O'Donnell could testify as to her conclusions but not as to any specific statements made to her or regarding Lacson's specific intent.

-2-

Dr. O'Donnell testified that she interviewed Lacson for about three hours for a mental state evaluation. As part of the evaluation, Dr. O'Donnell also reviewed court documentation and evidence, criminal history, and the previous competency evaluations done by the State. Dr. O'Donnell testified that Lacson had a long history of substance abuse that affected Lacson's ability to function in society.

The trial court issued a limiting instruction to the jury that evidence of what Dr. O'Donnell relied upon for her opinion could be considered only for the purpose of assessing the bases for her opinions. Dr. O'Donnell testified that her professional medical opinion of Lacson's disorder was based on his interview. Dr. O'Donnell testified that Lacson's delusional beliefs resulted from his substance abuse and that those beliefs were of an alternate reality, "sort of like a simulation." As for Lacson's intent on the night of October 10, Dr. O'Donnell could not exclude that his intent was based on his delusions:

> A. I wasn't there. I can't speak to his actual intent. I'm not in Mr. Lacson's head. But having the capacity for intent to exit a simulation through a bathroom mirror portal is not inconsistent with the capacity to form the intent for anything. You have the capacity to form intent. What the actual intent was is up to you guys.
> Q. Okay. But in your opinion, you can't exclude his intent to escape the matrix as—as an intent for his actions that night.
> A. It is a possibility.

Police Officer Jerrod Biggar testified that at the time of Lacson's arrest, Lacson was making repetitive statements about "complete dominance and authority over a simulation," and "control over all living beings." Officer Tristen Jurgensen testified that Lacson was making repetitive statements about a simulation that he was in control of.

Officer Matthew Barnes also testified that Lacson was behaving unusual and making statements about a simulation.

Defense counsel proposed, and the State did not object to, a jury instruction for the lesser crime of criminal trespass in the first degree. The jury found Lacson not guilty of residential burglary and guilty of the lesser crime of criminal trespass in the first degree with sexual motivation.

Lacson appeals.

II

Lacson argues the trial court erred by excluding statements he made to Dr. O'Donnell as inadmissible hearsay. Lacson asserts his statements to Dr. O'Donnell were admissible to show his state of mind and lack of intent at the time of the crime. Lacson points to no statements in particular. In contrast, the State argues that the exception for existing state of mind under ER 803(a)(3) does not apply because the statements were made at the time of his evaluation and not at the time he entered the residence on October 10, 2022. We agree with the State.

This court reviews evidentiary rulings for an abuse of discretion and "will not reverse the trial court's decision unless . . . no reasonable judge would have made the same ruling." State v. Burke, 196 Wn.2d 712, 741, 478 P.3d 1096 (2021).

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." ER 801. "Hearsay is not admissible except as provided by these rules, by other court rules, or by statute." ER 802. One exception to hearsay is a "statement of the declarant's then existing state of mind . . . but not including a statement of memory or belief to

-4-

prove the fact remembered or believed." ER 803(a)(3). Under this rule, "then existing" refers to the declarant's state of mind at the time the statements were made. State v. Crowder, 103 Wn. App. 20, 26-27, 11 P.3d 828 (2000).

Lacson argues that his mental condition was critical to his defense but the statements by Lacson to Dr. O'Donnell are not evidence showing his state of mind on October 10, 2022. Rather, those statements are evidence showing his state of mind months later, at the time he was interviewed by Dr. Lacson. Even without Lacson's statements to Dr. O'Donnell, the jury was provided evidence of Lacson's mental condition. Dr. O'Donnell testified that Lacson was capable of forming intent and that his intent could have been based on his delusions regarding "the matrix." The jury also heard testimony from police officers about Lacson's statements at the time of his arrest which go to Lacson's then existing mental condition.

Lacson fails to establish that the trial court abused its discretion by excluding his statements to Dr. O'Donnell as hearsay.

III

Lacson argues he received ineffective assistance of counsel because his counsel erroneously offered a jury instruction for the lesser crime of first degree criminal trespass. We disagree.

A criminal defendant is entitled to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. To successfully claim ineffective assistance of counsel, a defendant must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052 80 L. Ed. 2d 674 (1984), by showing (1) defense counsel's representation was deficient in that it fell below an objective

standard of reasonableness and (2) the deficient performance prejudiced the defendant. State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009) (citing State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)). Failure to establish either prong of the test is fatal to an ineffective assistance of counsel claim. Strickland, 466 U.S. at 700.

There is a strong presumption that counsel's representation was effective. McFarland, 127 Wn.2d at 335. Deficient performance is performance falling "below an objective standard of reasonableness based on consideration of all the circumstances." McFarland, 127 Wn.2d at 334-35. To demonstrate deficient performance, a "defendant must show in the record the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." McFarland, 127 Wn.2d at 336.

Under the first prong of the Strickland test, Lacson asserts deficient performance because criminal trespass contains an element not found in the residential burglary statute and thus the legal prong of the Workman test was not satisfied. In State v. Workman, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978), our Supreme Court set forth a two-prong test to determine whether a party is entitled to an instruction on a lesser included offense under RCW 10.61.006. Under the first prong of the test (the legal prong), the court asks whether the lesser included offense consists solely of elements that are necessary to conviction of the greater, charged offense. Workman, 90 Wn.2d at 447-48. But Lacson does not argue whether he was entitled to the instruction or that the trial court erred by giving the jury instruction. And because Lacson offered the instruction unopposed, there is no trial court analysis under the Workman test.

In State v. Moreno, 14 Wn. App. 2d 143, 156, 470 P.3d 507 (2020), aff'd, 198 Wn.2d 737, 499 P.3d 198 (2021), this court discussed criminal trespass as a lesser included crime and held:

> First degree criminal trespass requires a person to know that their entry or remaining in a building is unlawful. But, the first degree burglary statute requires no such knowledge. A person's entry or remaining must be factually unlawful. The required mental state for first degree burglary is the intent to commit a crime against a person or property therein. Compare RCW 9A.52.070(1), with RCW 9A.52.020(1). As a result, not all of the elements of first degree criminal trespass are necessary elements of first degree burglary. A person could commit all of the elements of first degree burglary, but not be guilty of first degree criminal trespass because they did not know that their entry or remaining was unlawful. Thus, to the extent our previous cases support that first degree criminal trespass is a lesser included offense of first degree burglary, we disagree with them and decline to follow them.

In State v. Brown, 25 Wn. App. 2d 634, 642, 528 P.3d 370 (2023), the court relied on Moreno and concluded that second degree trespass is not a lesser included offense of second degree burglary.

Here, Lacson relies on Brown to argue his counsel was deficient for failure to know the applicable law. While Lacson accurately states the holding of Brown, he fails to show the absence of a legitimate strategy or tactic by his defense counsel. Whether to request an instruction on a lesser included offense is a tactical decision. State v. Bertrand, 3 Wn.3d 116, 131-32, 546 P.3d 1020 (2024). Counsel, in consultation with the defendant, may decide to take the "all or nothing" approach and forgo a lesser included offense instruction. Bertrand, 3 Wn.3d at 131. But this approach exposes the defendant to the risk that the jury will convict on the only option presented. State v. Witherspoon, 180 Wn.2d 875, 886, 329 P.3d 888 (2014).

Lacson asserts that if the jury had not been instructed on criminal trespass, it would have found him not guilty of residential burglary. But there was evidence that Lacson entered the residence with intent to commit a crime. If the jury had been presented with the choice between finding Lacson guilty of robbery or not guilty of anything, it reasonably could have decided to convict Lacson of burglary.

Because Lacson fails to satisfy the first prong of the Strickland test, his claim for ineffective assistance of counsel fails.

We affirm.[1]

_Mann, J._

WE CONCUR:

_Birk, J._                    _Bowman, J._

---

[1] Lacson also asks this court to remand to the trial court to strike the order for DNA collection and the associated fee because the conviction of criminal trespass in the first degree with sexual motivation does not require DNA collection under RCW 43.43.754(1)(a). We agree that criminal trespass in the first degree is not one of the listed misdemeanors requiring DNA collection. See RCW 43.43.754(1)(a)(i)-(xi). However, the issue is moot and we can no longer provide effective relief. State v. Booker, 22 Wn. App. 2d 80, 83, 509 P.3d 854 (2022). Lacson was subsequently convicted of assault in the third degree, a felony conviction for which DNA collection is required under RCW 43.43.754, and which the sentencing court so ordered. Chelan County Superior Court Nos. 23-1-00213-04, 23-1-00071-04.