# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58869-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| EBRIMA DARBOE, | |
| Appellant. | |

CHE, J. — Ebrima Darboe appeals his conviction for attempted second degree burglary.

After ending their romantic relationship, Darboe and Aalysha Walker remained in contact with each other. One day, Walker told Darboe to not come to her home. Darboe came anyway and began banging on the door, kicking it while holding a pocketknife in his hand. The State charged Darboe with attempted first degree burglary. The State's proposed jury instructions included instructions for attempted first degree burglary and the lesser offense of attempted second degree burglary. The parties discussed and agreed on modifications to the State's proposed to-convict instructions. Darboe submitted modified proposed to-convict instructions for both attempted burglary crimes. The trial court gave Darboe's instructions. The jury acquitted Darboe on attempted first degree burglary but found him guilty of attempted second degree burglary.

Darboe argues the trial court erred by instructing the jury on attempted second degree burglary because that crime excludes dwellings, and his counsel was ineffective for inviting that error.

We hold that the invited error doctrine precludes review of Darboe's claim that the trial court erred in giving his proposed attempted second degree burglary instruction and that Darboe did not receive ineffective assistance of counsel.

Accordingly, we affirm Darboe's conviction for attempted second degree burglary.

FACTS

BACKGROUND

Darboe and Walker were in a romantic relationship. In April 2022, the two had broken up but remained in contact with each other. Walker lived at her parents' house but planned to move. During a phone call, Darboe became upset after Walker would not tell him where she would move.

Darboe demanded Walker return the gifts he had given her, including a purse and flowers. Darboe spoke in a "really aggressive" tone and told Walker he was going to drive to her to retrieve his belongings. 7 Rep. of Proc. (May 9, 2023) (RP) at 484. Walker told Darboe not to come. She put the items on the porch because she "didn't want him to have any reason to try to come in the house." 7 RP at 486.

After the phone call, Darboe came to the house, banged on the door with his fist, told Walker to let him in, and said that he wanted his belongings back. Walker could see Darboe through a window next to the door. Walker told Darboe she was going to call the police. He walked away, returned, banged on the door with his fist, kicked the door "[l]ike he was trying to

2

break the door down," and then "flashed a knife at" Walker. 7 RP at 485-86. Darboe then "bang[ed] on the door with [the] knife in his hand." 7 RP at 486. The knife "looked like a big pocketknife," and at one point, Darboe pointed it downward and "kind of thrust[ed] it" once. 7 RP at 487-88. Darboe ran away when he heard Walker on the phone with the police.

Deputy Tanner Fijolek responded and saw a footprint on the door. Around that time, Deputy Nathan Anderson stopped Darboe's vehicle in Walker's neighborhood. He observed a bouquet of flowers and a purse in the vehicle. Walker confirmed the purse and flowers were items Darboe had given her. Deputy Fijolek found no knife on Darboe's person or in the vehicle.

The State charged Darboe with attempted first degree burglary as a crime of domestic violence, while armed with a deadly weapon.

JURY INSTRUCTIONS AND SENTENCING

The State's first amended proposed jury instructions included instructions for attempted first degree burglary and the lesser offense of attempted second degree burglary.[1] After the parties had "significant discussion" about the State's proposed to-convict instructions, Darboe presented modified proposed to-convict instructions for both attempted burglary crimes. 7 RP at 635.

---

[1] When the parties initially discussed jury instructions, the State indicated that it intended to amend the charges to include attempted residential burglary—domestic violence and attempted first degree criminal trespass. Defense counsel responded that she would need to research issues related to the potential amendments. But it appears that the State never moved to amend the charges.

3

The trial court gave Darboe's modified proposed attempted second degree burglary to-convict instruction as Instruction 20.[2] Instruction 20 laid out the following elements of the crime:

> (1) That on or about April 28, 2022, the defendant did an act that was a substantial step toward the commission of burglary in the second degree
> (2) That the act was done with the intent to commit burglary in the second degree, and
> (3) That the act occurred in the State of Washington.

Clerk's Papers (CP) at 44.

The jury acquitted Darboe of attempted first degree burglary but found him guilty of attempted second degree burglary and found the crime involved domestic violence by special verdict. The trial court eventually sentenced Darboe to 38.25 months, the low end of the standard range.

## ANALYSIS

### I. INSTRUCTIONAL ERROR

Darboe argues the trial court erred when it instructed the jury on the inferior degree offense of attempted second degree burglary because there was no evidence that the "building" at issue was anything other than a dwelling, which Darboe contends is an element of second degree burglary. Br. of Appellant at 8. We decline to review this claim of error.

The invited error doctrine generally prohibits a party from setting up an error at trial and then complaining of said error on appeal. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321

---

[2] Instruction 19 states, "A person commits the crime of burglary in the second degree when he or she enters or remains unlawfully in a building with intent to commit a crime against a person or property therein." CP at 43. Instruction 10 states, "Building, in addition to its ordinary meaning, includes any dwelling." CP at 34.

(2009). Under the invited error doctrine, the party may not request a jury instruction and then complain upon appeal that the requested instruction was given. *State v. Gentry*, 125 Wn.2d 570, 645, 888 P.2d 1105 (1995). In determining whether the invited error doctrine applies, a reviewing court considers whether the defendant affirmatively assented to the error, materially contributed to it, or benefited from it. *In re Pers. Restraint of Coggin*, 182 Wn.2d 115, 119, 340 P.3d 810 (2014).

Darboe invited the error he now raises on appeal. Darboe does not dispute that he participated in "significant discussion" about the State's originally proposed to-convict instructions and that Darboe submitted the modified proposed instruction he now claims was erroneously given. Darboe also benefited from the attempted second degree burglary instruction because the jury convicted him of the lesser offense. Therefore, the invited error doctrine precludes our review of this issue.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Darboe also argues that his counsel was ineffective for agreeing to instruct the jury on a lesser offense that was not supported by the facts of the case and that Darboe was prejudiced by this error. We disagree.

A criminal defendant has a right to have effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, §22.

To succeed on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Deficient performance falls below an objective standard of reasonableness. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). We

strongly presume that counsel's performance was effective. *Bertrand*, 3 Wn.3d at 130. To rebut this presumption, a defendant must show that there was no possible legitimate trial strategy or tactic that would explain counsel's performance. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011).

To show prejudice, a defendant must demonstrate a reasonable probability that the trial outcome would have been different absent counsel's deficient performance. *Bertrand*, 3 Wn.3d at 129. Merely showing that errors had some conceivable effect on the outcome of the proceeding is inadequate. *Strickland*, 466 U.S. at 693. If a claim of ineffective assistance of counsel does not support a finding of either deficiency or prejudice, it fails, and we do not need to address both factors of the inquiry. *Strickland*, 466 U.S. at 697.

"[W]hether to request a jury instruction on lesser included offenses is a tactical decision." *State v. Witherspoon*, 180 Wn.2d 875, 886, 329 P.3d 888 (2014).

Because Darboe's attorney made a legitimate tactical decision when he requested a lesser offense instruction, Darboe fails to show deficient performance and thus fails to meet his burden of showing ineffective assistance of counsel under *Strickland*.

## CONCLUSION

We hold that the invited error doctrine precludes review of Darboe's claim that the trial court erred in giving his proposed attempted second degree burglary instruction and that Darboe did not receive ineffective assistance of counsel.

Accordingly, we affirm Darboe's conviction for attempted second degree burglary.

6

No. 58869-2-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, J.

Cruser, C.J.