# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59792-6-II |
| Respondent, | |
| v. | |
| MARTINA MARIE MAINA, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Martina Maina appeals her convictions of attempted second degree robbery and felony harassment. She argues that she received ineffective assistance of counsel because defense counsel failed to object to the prosecutor's statement during rebuttal closing argument that Maina's identity as the perpetrator was not an issue in the case.

We hold that the prosecutor's argument was not improper, so Maina does not establish ineffective assistance of counsel based on the failure to object. Accordingly, we affirm Maina's convictions.

FACTS

In September 2023, Pedro Martinez was leaving a parking lot in his car when a woman approached him and asked for a ride. When Martinez said that he did not give rides, the woman reached through his window, grabbed his seatbelt, and told Martinez to give her his car keys.

She said she would shoot him if he refused. Martinez then agreed to give her a ride. The woman turned away to collect some bags and told Martinez that she would shoot him if he left.

While the woman was collecting her bags, Martinez drove out into the road and called the police. The State charged Maina with attempted second degree robbery and felony harassment – bodily injury. Maina was 55 years old at the time of the incident.

At trial, Martinez was not sure if his assailant was present in the courtroom because the person who accosted him "didn't look very clean." Rep. of Proc. (RP) at 58. Martinez testified that the woman was in her 50s with messy gray hair and wore a green jacket. He also testified that, after he pulled into the center lane of the road to call police, he stayed there for several minutes. During that time, Martinez watched the woman walk across the street and saw police arrive and apprehend her. A police officer then testified, identifying Maina as the woman arrested in connection with this incident.

During closing argument, defense counsel argued that because all Martinez could remember was "messy hair and a green jacket," there was "clearly not a positive [identification]" of Maina as the perpetrator. RP at 99. In rebuttal, the prosecutor acknowledged that Martinez had difficulty identifying Maina, but pointed out that Martinez's description of Maina's hair color and approximate age was accurate. The prosecutor then continued:

> I think the most important part of his testimony is when he said I -- I kept an eye on her the whole time until law enforcement apprehended her. And then the law enforcement officer got on the stand afterwards and said yeah, that's the person I apprehended on that date. We've identified her. That's not an issue in this case.

RP at 101.

The jury convicted Maina of both charges. Maina appeals her convictions.

ANALYSIS

A.      LEGAL PRINCIPLES

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee criminal defendants the right to effective assistance of counsel. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). A defendant asserting that they received ineffective assistance of counsel must show both that counsel's representation was deficient and that the deficient representation prejudiced the defendant. *Id.*

Defense counsel's representation is deficient if after considering all the circumstances, the performance falls below an objective standard of reasonableness. *State v. Vasquez*, 198 Wn.2d 239, 247-48, 494 P.3d 424 (2021). Prejudice exists if there is a reasonable probability that the result of the trial would have been different but for defense counsel's deficient performance. *Bertrand*, 3 Wn.3d at 129.

Whether and when to object typically is a strategic or tactical decision. *Vasquez*, 198 Wn.2d at 248. And a legitimate trial strategy is to forgo an objection when defense counsel wishes to avoid highlighting certain evidence. *Id.* In addition, to establish deficient performance based on a failure to object, a defendant must show that the trial court would have sustained the objection. *Id.*

In this case, Maina asserts that defense counsel rendered ineffective assistance by failing to object to the prosecutor's rebuttal argument, which she alleges misstated the State's burden of proof. "Arguments by the prosecution that shift or misstate the State's burden to prove the defendant's guilt beyond a reasonable doubt constitute misconduct." *State v. Lindsay*, 180 Wn.2d 423, 434, 326 P.3d 125 (2014). However, the prosecutor is given wide latitude to assert reasonable inferences from the evidence. *State v. Slater*, 197 Wn.2d 660, 680, 486 P.3d 873

(2021). And "it is not misconduct for the prosecutor to argue that evidence does not support the defense theory or to fairly respond to defense counsel's argument." *State v. Thorgerson*, 172 Wn.2d 438, 449, 258 P.3d 43 (2011).

B.      ANALYSIS

Maina argues that the prosecutor's statement that the identity of the perpetrator was "not an issue in this case," RP at 101, trivialized the State's burden of proving that Maina committed the charged offenses. She claims that defense counsel performed deficiently by failing to object. We disagree.

Here, although Martinez could not identify Maina in the courtroom, he described the perpetrator as a woman with messy gray hair in her 50s who wore a distinctive clothing item: a green jacket. He also testified that he watched the woman who threatened him for several minutes after the incident and saw police arrest the same woman. And an officer identified Maina as the person arrested in connection with the incident.

Based on Martinez's hesitance to identify Maina as the perpetrator, defense counsel argued that there was no "positive" identification in this case. RP at 99. In response, the prosecutor recited the above evidence supporting Maina's identification, emphasizing the fact that Martinez watched her until police contacted her and that an officer identified her as the person arrested. The prosecutor then stated, "We've identified her. That's not an issue in this case." RP at 101.

Under the circumstances, the prosecutor's argument was a fair response to defense counsel's argument, and it drew a reasonable inference from the evidence supporting Maina's identification. In addition, because objecting to the prosecutor's argument would have further

emphasized the evidence supporting positive identification, it was a legitimate tactic for defense counsel to forego objecting.  *See Vasquez*, 198 Wn.2d at 248.

Because the prosecutor's argument was not improper, Maina cannot show that the objection was likely to be sustained.  Therefore, Maina fails to establish that defense counsel's performance fell below an objective standard of reasonableness.  Accordingly, we hold that her ineffective assistance of counsel claim fails.

CONCLUSION

We affirm Maina's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, P.J.


We concur:

_____
LEE, J.

_____
CHE, J.